**STATE, ex rel. SHEPPARD, Plaintiff-Relator, v. BARBER, Defendant-Respondent.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23290. Decided August 6, 1954.

Corrigan, McMahon & Corrigan, Cleveland, for plaintiff-relator.

Richard S. Weygandt, Cleveland, for defendant-respondent.

(HUNSICKER, J, of the 9th District, sitting by designation in the 8th District for SKEEL, J.)

## OPINION

Per CURIAM:

This is an original action filed in this Court wherein a Writ of Prohibition is sought to prevent the President of Council of the City of Bay Village from proceeding to conduct a preliminary hearing in the matter of The State of Ohio v. Dr. Samuel H. Sheppard, who is charged with murder in the first degree.

The city of Bay Village adopted a Charter effective from and after January 1, 1950. The provisions of such Charter which are applicable herein are:

Article II, Section 2.6 President of Council—Duties

The President of Council shall have all the powers, duties, functions, obligations and rights of any other member of Council, and in addition thereto, he shall preside at all meetings of council, **and when the Mayor is absent from the municipality or unable for any cause to perform his duties,** the President of Council shall become the acting Mayor and, during such periods, shall have the same powers and perform the same duties as the Mayor. (Emphasis ours.)

and

Article III, Section 3.4 Judicial Powers.

The Mayor shall have all the judicial powers granted by this Charter, the ordinances of the municipality and the general laws of Ohio to mayors of municipalities of the class of this municipality.

There can be no question raised as to the authority of the one lawfully exercising the functions and position of Mayor of the City of Bay Village to act as a Magistrate and to conduct a preliminary hearing provided for under the general laws of the State of Ohio.

The fact that the President of Council seeks now to exercise those functions is being challenged by this application for a Writ of Prohibition.

The Supreme Court of Ohio in the case of **State, ex rel. Cherrington, Pros. Atty. v. Davis, 113 Oh St 318,** held that judicial power of a mayor in a city that has adopted a charter can only arise where such power is especially preserved in the charter.

According to the provisions of the Charter of the City of Bay Village, the President of Council may exercise such judicial power "* * * when the mayor is absent from the municipality or unable for any cause to perform his duties * * *."

It is stipulated in this case that the Mayor of the City of Bay Village is a material witness in the case of The State of Ohio v. Dr. Samuel H. Sheppard. Does such fact make him "unable for any cause to perform his duties?" We think so. The very nature of the judicial office, in the opinion of the members of this Court, preclude one who is a material witness in a case from sitting as an impartial judge. The recently adopted Canons of Judicial Ethics indicate the conduct that a judge should display not alone in the trial of a case but to the public generally.

There is a specific statute (§1911.68, §1907.43 R. C.) that applies to Mayor's Courts, which statute disqualifies a mayor from presiding at a trial of a matter where he is a material witness for either party.

By the adoption of this statute, the policy of the State of Ohio with respect to the desire for impartial judges and judgments free from bias and prejudice was clearly indicated.

Since the Mayor was thus disqualified in the instant case and consequently unable to perform his duties in relation to these proceedings, the President of Council became the Acting Mayor with the same powers as the Mayor of the City of Bay Village possessed under Article III, Section 3.4 granting judicial power.

The Writ of Prohibition must be used with great caution and forbearance, in the furtherance of justice, and for securing order and regularity in all the tribunals where there is no other regular and ordinary remedy.

We are of the opinion that it must be refused in this case for the further reason that the Relator herein sought a Writ of Habeas Corpus in the Court of Common Pleas of Cuyahoga County which essentially raised the same basic question presented in this cause—the power of the President of the Council of the City of Bay Village to act as a magistrate under the circumstances.

A Writ of Prohibition cannot be resorted to where another adequate remedy exists to correct a grievance. The **State, ex rel. Nolan, v. ClenDening, et al, 93 Oh St 264: Syllabus 2.**

"2. The Writ of Prohibition is a high prerogative writ, to be used with great caution in the furtherance of justice and only where there is no other regular, ordinary and adequate remedy."

For the reasons above stated, the Writ of Prohibition will be denied. Exceptions given.

HURD, PJ, KOVACHY, J, HUNSICKER, J, concur.